# Exhibit A

| 2120 - Served | 2121 - Served | | |
|---|---|---|---|
| 2220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

Lakeysha A. Thomas, James C. Thomas Jr., _____

No. **10CH16091**

v.

Virginia Thomas, NALCO Chemical Company, _____

Please Serve Defendants at:
See attached service list.

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 13519
Name: ROBERT HABIB
Atty. for: PLAINTIFFS
Address: 77 W. WASHINGTON ST., SUITE 411
City/State/Zip: CHICAGO, ILLINOIS 60602
Telephone: (312) 201-1421

WITNESS, _DOROTHY BROWN APR 13 2010_

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

Virginia Thomas
14218 Stewart Avenue
Riverdale, IL 60827-2338


NALCO Chemical Company
c/o Registered Agent CT Corporation System
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

Lakeysha A. Thomas, James C. Thomas Jr.,

v.

Virginia Thomas, NALCO Chemical Company,

No. 10CH16091

Please Serve Defendants at:
See attached service list.

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 13519
Name: ROBERT HABIB
Atty. for: PLAINTIFFS
Address: 77 W. WASHINGTON ST., SUITE 411
City/State/Zip: CHICAGO, ILLINOIS 60602
Telephone: (312) 201-1421

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

WITNESS, _____,  _____

DOROTHY BROWN   APR 13 2010
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

Virginia Thomas
14218 Stewart Avenue
Riverdale, IL 60827-2338


NALCO Chemical Company
c/o Registered Agent CT Corporation System
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| LAKEYSHA A. THOMAS, <br> JAMES C. THOMAS JR., <br><br> Plaintiffs, <br><br> -vs- <br><br> VIRGINIA THOMAS, <br> NALCO CHEMICAL COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO.   10CH16091 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR CONSTRUCTIVE TRUST

**NOW COME** the Plaintiffs, LAKEYSHA A. THOMAS and JAMES C. THOMAS JR., by and through their attorney, ROBERT HABIB, and complaining of the Defendants, VIRGINIA THOMAS and NALCO CHEMICAL COMPANY, for imposition of a constructive trust, and fraud, state as follows:

1. That the Defendant, VIRGINIA THOMAS, the widow of the late James Thomas, is an individual residing in Cook County, Illinois.

2. That the Defendant, NALCO CHEMICAL COMPANY, is a corporation doing business in Illinois with its principal place of business in Naperville, Illinois and was the late James Thomas's former employer.

3. That the Plaintiff James C. Thomas and Lakeysha A. Thomas are the children of the late James Thomas from his first marriage with Annette Thomas.

4. That a judgment of dissolution of marriage was entered into between Annette J. Thomas and James C. Thomas in the Circuit Court of Cook County in case number 96 D 4801 on January 26, 1999. A copy of the Judgment is attached as Exhibit A of the Complaint.

5. That the Judgment in Article V provided that as for life insurance:

> In order to provide a fund for the continuing support and education, and general welfare of the minor child, both parties agree to designate the minor children as the irrevocable beneficiaries of a life insurance policy in the amount presently provided by their respective employers as basic life insurance.

6. That at the time of the entry of the Judgment, JAMES THOMAS JR. d/o/b 9/30/86 was 14 years old, and LAKEYSHA THOMAS, d/o/b 4/27/90 was 8 years old, so the reference to minor children was directly for their benefit.

7. That at the time of the entry of the divorce, and at all times hereinafter mentioned, JAMES THOMAS was an employee of NALCO CHEMICAL COMPANY.

8. That prior to the entry of the divorce, JAMES THOMAS, as of 2/16/98, had life insurance coverage through NALCO CHEMICAL CO., of $100,756.00 with Plaintiffs shown as the beneficiaries. See Exhibit B.

9. That on December 4, 2003 the parties appeared in Court in post-decree proceedings, on Annette Thomas's Motion to

Enforce Judgment. On December 4, 2003 an Order was entered which provided that as to the life insurance: (Exhibit C)

> "2. That each party shall resubmit beneficiary forms to his and her employer listing the children, James Jr. and Lakeysha as equal beneficiary for all basic life insurance coverage available to their respective employers, and shall provide proof of said designation within 45 days."

10. That at some point prior to 2008, James Thomas married the Defendant, VIRGINIA THOMAS.

11. That on March 8, 2008 James Thomas, while still an employee at NALCO CHEMICAL COMPANY, died.

12. That on or about March 10, 2008 and thereafter, Annette Thomas, on behalf of her children, orally contacted NALCO CHEMICAL to inquire about the life insurance due the Plaintiffs as the designated beneficiaries via Court Order of James Thomas's life insurance policy with NALCO CHEMICAL COMPANY. However, her calls went unanswered.

13. That on March 19, 2008 Annette Thomas sent a letter to NALCO CHEMICAL, a copy of which is attached as Exhibit D, stating that the Plaintiffs were the beneficiaries under the life insurance policy, and to send the necessary claim form.

14. On April 9, 2008 the NALCO CHEMICAL COMPANY Benefits Department responded with a letter informing Annette Thomas, the children were not listed as beneficiaries under the policy

despite the clear Orders entered by the Circuit Court of Cook County, directing them to be so. Exhibit E.

15. On April 14, 2008 Annette Thomas forwarded documents to the NALCO CHEMICAL COMPANY including the divorce decree designating plaintiffs as the beneficiaries.

16. Nevertheless on April 22, 2008 the Plaintiffs were informed, by Minnesota Life Insurance Company claiming that Annette had only contacted NALCO CHEMICAL on April 14, 2008, and that the claim had been paid prior to then to persons other than the Plaintiffs. See Exhibit F.

17. That under Illinois law, the plaintiffs' equitable rights to the policy were superior, and those of anyone else as stated in In Re the Matter of Matthew Schwass, 126 Ill. App. 3d 512, 467 N.E.2d 957 (1st Dist. 1984):

> "When marital settlement agreements require an insured to maintain life insurance for the benefit of a particular beneficiary, that beneficiary has an enforceable equitable right to the proceeds of the insurance policy against any other named beneficiary except one with superior equitable right. Appleman vs. Appleman, (1980), 87 Ill. App. 3d 749, 43 Ill. Dec. 199, 410 N.E.2d 199; Lincoln National Life Insurance Company vs. Watson, (1979), 71 Ill. App. 3d 900, 28 Ill. Dec 339, 390 N.E.2d 506."

18. That on information and belief, in violation of plaintiffs' equitable rights, the proceeds of the policy in excess of $100,000.00 was distributed to the Defendant, VIRGINIA THOMAS, rather than the plaintiffs.

19. That on information and belief, the proceeds of the policy were distributed, and disbursed to VIRGINIA THOMAS, after NALCO CHEMICAL was contacted by Annette Thomas, and informed them that plaintiffs were the Court-ordered beneficiaries of the policies.

20. That on information and belief, NALCO CHEMICAL was aware that the plaintiffs were the Court-ordered beneficiaries, and that the defendant had no right to the proceeds of the policy.

21. Consistent with the case law in Illinois, the plaintiffs assert equitable rights to the proceeds of the life insurance policy, and request that a constructive trust be established, and that the defendants deliver the proceeds of the policy in excess of $100,000.00 to the plaintiffs.

**WHEREFORE** the plaintiffs pray that this Honorable Court enter a Constructive Trust against defendants Virginia Thomas and Nalco Chemical Company in the amount of the proceeds of the James Thomas life insurance policy, excess of $100,000.00 and that said funds be awarded to them, with costs.

_____
Robert Habib

Attorney No. 13519
Robert Habib
Attorney for Plaintiffs
77 W. Washington, Suite 411
Chicago, IL 60602
(312) 201-1421

010798\jdom\mjf  Attorney No. 36007

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF )
)
ANNETTE J. THOMAS, )
)
    Petitioner, )
)
    and ) No. 96 D 4801
)
JAMES C. THOMAS, )
)
    Respondent. )

<u>JUDGMENT FOR DISSOLUTION OF MARRIAGE</u>

This cause coming on to be heard by Stipulation of the parti as an uncontested matter upon the Petition for Dissolution Marriage; and the Petitioner, ANNETTE J. THOMAS, appearing in op Court in her own proper person and by EUGENE L. SHEPP, h attorney; the Respondent, JAMES C. THOMAS, appearing in open cou in his own proper person and by LYDIA GROSS KAMERLINK of KAMERLIN STARK & FAWVER, L.L.C. and MARTIN FERTEL as co-counsel, h attorneys; and the parties having stipulated that the matter l heard as in cases of default; the Court having heard the testimor in support of the Petition for Dissolution of Marriage transcript of which evidence is to be filed herein), and now beir fully advised in the premises:

Ex A