IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEYSHA A. THOMAS and JAMES C. THOMAS, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> VIRGINIA THOMAS and NALCO CHEMICAL COMPANY, <br><br> Defendants. | Case No. 10 C 2515 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Lakeysha Thomas and James Thomas, Jr. (James Jr.) filed suit in the Circuit Court of Cook County to recover proceeds from a life insurance policy held by their late father, James Thomas, Sr. (James Sr.). A divorce settlement required James Sr. was supposed to designate Lakeysha and James Jr. as the irrevocable beneficiaries of a life insurance policy provided by his employer, Nalco. Despite this, James Sr. did not designate Lakeysha and James Jr. as the beneficiaries. Upon his death in March 2008, his life insurance benefits were paid to his second wife, Virginia Thomas. Lakeysha and James Jr. sued Virginia and Nalco seeking to impose a constructive trust on the insurance benefits.

Nalco removed the case to federal court on the ground that the claim is preempted by the Employee Retirement Income Security Act (ERISA). Lakeysha and James Jr. have moved to remand the case to state court on the ground that it is not

preempted.  Nalco has moved to dismiss the case on the ground that Lakeysha and James Jr. have not stated a valid claim for benefits under ERISA.  For the reasons stated below, the Court grants the motion to remand and denies the motion to dismiss.

**Facts**

The material facts relevant to the present issues are not in dispute.  James Sr. and his first wife, Annette Thomas, were married and had two children, Lakeysha and James Jr.  James Sr. had a life insurance policy provided by his employer, Nalco.  In 1999, James Sr. and Annette divorced.  They reached a marital settlement agreement, which was incorporated into a judgment of dissolution of marriage (JDM) in Cook County Circuit Court.  The JDM stated that "[i]n order to provide a fund for the continuing support and education, and general welfare of the minor child, both parties agree to designate the minor children as the irrevocable beneficiaries of a life insurance policy in the amount presently provided by their respective employers as basic life insurance."  Pls.' Mot. to Remand at 2.  In 2003, Annette filed a motion to enforce the judgment, and an order was entered providing that "each party shall resubmit beneficiary forms to his and her employer listing the children, James Jr. and Lakeysha as equal beneficiary for all basic life insurance coverage available to their respective employers."  *Id*. at 3.

Despite the terms of the JDM and the 2003 order, James Sr. did not designate Lakeysha and James Jr. as the beneficiaries of his life insurance policy.  At the time of his death on March 8, 2008, his life insurance policy identified his second wife, Virginia Thomas, as the beneficiary.  On March 19, 2008, Annette sent Nalco a letter stating that Lakeysha and James Jr. were the beneficiaries of the life insurance policy and

requesting a claim form. On April 8, 2008, Nalco's benefits department responded with a letter informing Annette that Lakeysha and James Jr. were not listed as beneficiaries under the policy. Nalco told Annette that the policy was administered by Minnesota Life Insurance Company, not Nalco, but that Nalco would inform Minnesota Life of Annette's letter. On April 14, 2008, Annette sent Nalco a copy of the JDM including the clause stating that James Sr.'s life insurance benefits were to be granted irrevocably to Lakeysha and James Jr. On April 22, 2008, Minnesota Life informed Annette that the benefits under James Sr.'s policy had already been disbursed to the listed beneficiaries, which did not include Lakeysha and James Jr.

Lakeysha and James Jr. filed suit in the Circuit Court of Cook County, seeking to impose a constructive trust on the proceeds of the life insurance policy. They allege that Nalco knew of the provision of the divorce decree that required James Sr. to designate them as beneficiaries of his life insurance policy but failed to communicate this information to Minnesota Life before it distributed the proceeds of the policy to Virginia.

On April 22, 2010, Nalco removed the case to this Court. It contended that the plaintiffs' claim was actually a claim for benefits from an employee benefit plan and therefore could be made, if at all, only under ERISA. The plaintiffs argue that their claim does not arise under ERISA, and have moved to remand the case to state court. Nalco has moved to dismiss the case on the ground that it is not a plan administrator as defined by ERISA and is therefore not a proper defendant under ERISA.

3

## Discussion

**A.    ERISA preemption**

A case filed in state court may be removed to federal court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Nalco removed this case to federal court on the ground that ERISA completely preempts plaintiffs' state law claims.

ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This civil enforcement provision has broad preemptive power over state law employee benefits claims. If a plaintiff brings a state law claims that "at some point in time, could have [been brought] under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the plaintiff's cause of action is completely pre-empted by ERISA § 501(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). This is true even if an individual's complaint does not mention ERISA or any federal cause of action. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996).

The Seventh Circuit has identified three factors for determining whether a purported state law claim is within the scope of section 502(a) and thus preempted: whether the plaintiff is eligible to bring a claim under that section; whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via section 502(a); and whether the plaintiff's state law claim cannot be

resolved without an interpretation of the contract governed by federal law. *Id*. at 1487. If all three elements are met, the plaintiff's state law claim is preempted by ERISA.

In its notice of removal and in its brief in opposition to plaintiffs' motion for remand, Nalco argues that although plaintiffs' complaint states only a state law constructive trust claim, what plaintiffs actually seek is benefits from an employer-administered welfare benefits plan. Such claims fall within section 502(a)(1)(B), Nalco argues, and thus plaintiffs' state law claim is completely preempted.

Plaintiffs argue that theirs is not a claim for benefits from an ERISA plan but rather a claim seeking a constructive trust over funds that they believe were wrongfully given to the incorrect beneficiary. They argue that their claim is not fully preempted because they are not "beneficiaries" as defined by ERISA and thus could not have brought their claim under section 502(a). They also contend that their state law claim can be resolved without an interpretation of the life insurance contract.

Section 502 provides that a "participant or beneficiary" may bring a claim for benefits. 29 U.S.C. § 1132(a)(1). The parties agree that Lakeysha and James Jr. are not participants but disagree about whether they are beneficiaries within the meaning of ERISA. ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). By this definition, plaintiffs are not beneficiaries; the very basis of their claim is that James Sr. failed to designate them as beneficiaries. The Seventh Circuit has held that persons in the same position as the plaintiffs in this case do not have standing to sue as beneficiaries under ERISA. *Cummings v. Briggs & Stratton Retirement Plan*, 797 F.2d 383, 387 (7th Cir. 1986) (deceased father failed to

comply with a divorce decree requiring him to name his son as beneficiary of his life insurance policy; court held son could not sue under ERISA to recover the benefits because he was not a beneficiary of the insurance policy).

Nalco argues that even though plaintiffs do not satisfy the ERISA definition of beneficiaries, they should be treated as such because they are "alternate payees." ERISA has a special provision dealing with qualifying domestic relations orders (QDROs) such as divorce decrees. Under a QDRO, the definition of "beneficiaries" also includes "alternate payees," defined as "any spouse, former spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant." 29 U.S.C. § 1056(d)(3)(K). The Supreme Court has noted that a QDRO "creates or recognizes an alternate payee's right to, or assigns to an alternate payee the right to, a portion of the benefits payable with respect to a participant under a plan." *Boggs v. Boggs*, 520 U.S. 833, 846-47 (1997) (citing 29 U.S.C. § 1056(d)(3)(B)(i)(I)). A "person who is an alternate payee under a [QDRO] shall be considered for purposes of any provision of [ERISA] a beneficiary under the plan." 29 U.S.C. § 1056(d)(3)(J).

Nalco contends that Lakeysha and James Jr. are alternate payees because the JDM obligated James Sr. to designate them as the beneficiaries of his life insurance policy. Therefore, Nalco argues, they should be considered to be beneficiaries for ERISA purposes, and their claim is preempted by ERISA.

This argument doesn't do Nalco much good; Lakeysha and James Jr.'s claim is

not preempted however the QDRO inquiry comes out.[1]  Alternate payees are considered beneficiaries under ERISA only in conjunction with QDROs.  Thus for Lakeysha and James Jr. to qualify as alternate payees, the judgment of divorce between James Sr. and Annette would have to be a QDRO.  If the JDM is not a QDRO, then Lakeysha and James Jr. are not beneficiaries for ERISA purposes, and their state law claim is not preempted.  If, on the other hand, the JDM is a QDRO, then Lakeysha and James Jr. are considered beneficiaries under the alternate payee definition.  A QDRO, however, is an exception to the general rule of complete ERISA preemption: claims arising under a QDRO are not preempted by ERISA.  29 U.S.C. § 1144(b)(7); *Boggs*, 520 U.S. at 846-47.

For these reasons, to resolve the motion to remand, the Court need not determine whether the JDM meets all the requirements of a QDRO.  Either way, Lakeysha and James Jr.'s claim is not preempted by ERISA, and remand to the state court is appropriate.

**B.     Nalco's motion to dismiss**

Nalco has moved to dismiss the action on the grounds that it is not a proper defendant under ERISA.  Because the Court has determined that ERISA does not preempt the plaintiffs' state law claims and is granting the motion to remand, the Court denies the motion to dismiss as moot.

---

[1] The Supreme Court has characterized the QDRO inquiry as "relatively discrete, given the specific and objective criteria for a domestic relations order that qualifies as a QDRO, requirements that amount to a statutory checklist working to spare an administrator from litigation-fomenting ambiguities." *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 129 S. Ct. 865, 876 (2009).

**Conclusion**

For the reasons stated above, the Court grants plaintiffs' motion to remand to state court [docket no. 13] and denies Nalco's motion to dismiss [docket no. 6]. The Clerk is directed to remand the case to the Circuit Court of Cook County.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 26, 2010